# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **LORRAINE ADELL, individually and on** ) | **CASE NO. 1:18CV623** |
| **behalf of all others similarly situated,** ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **CELLCO PARTNERSHIP dba** ) | |
| **VERIZON WIRELESS,** ) | |
| **Defendant.** ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #21) of Defendant

Cellco Partnership dba Verizon Wireless to Compel Arbitration and Stay Proceedings under

the Federal Arbitration Act or, alternatively, to Dismiss for Lack of Subject Matter

Jurisdiction. For the following reasons, the Motion to Compel Arbitration is granted,

Plaintiff's Motion (ECF DKT #17) for Partial Summary Judgment on her Individual Claims

for Declaratory Judgment is denied and the above-captioned matter is stayed and removed

from the active docket of this Court.

## I. BACKGROUND

Plaintiff Lorraine Adell has been a Verizon Wireless customer since September 3,

2015, when she purchased an IPhone at Costco Wholesale, an authorized third-party retail outlet for Verizon products.  By her signature, Plaintiff acknowledged her agreement to the current Verizon Wireless Customer Agreement and acknowledged her agreement to important terms, including "SETTLEMENT OF DISPUTES BY ARBITRATION INSTEAD OF JURY TRIALS."  The operative Customer Agreement available online provided:

> YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT.
>
> ANY DISPUTE THAT ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FRO ANY SUCH PRODUCTS OR SERVICES), INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS, WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").
>
> THIS AGREEMENT DOESN'T ALLOW CLASS OR COLLECTIVE ARBITRATIONS EVEN IF THE AAA OR BBB PROCEDURES OR RULES WOULD.  NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT, THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM.
>
> IF FOR SOME REASON THE PROHIBITION ON CLASS ARBITRATIONS SET FORTH IN SUBSECTION (3) CANNOT BE ENFORCED, THEN THE AGREEMENT TO ARBITRATE WILL NOT APPLY.

On March 19, 2018, Plaintiff filed her Class Action Complaint (ECF DKT #1).  She asserts a claim for relief on behalf of a class of Verizon Wireless customers whose phones have an Ohio area code, seeking damages for breach of contract for Verizon's practices in connection with the imposition of an "administrative charge."

Plaintiff also asserts a claim for declaratory relief on behalf of all Verizon Wireless

telephone customers that: (1) "the waiver of their personal constitutional right to the exercise of the Article III judicial power in connection with their state law claims against Verizon for breach of contract brought within the diversity jurisdiction of the federal courts under the Class Action Fairness Act of 2005 ("CAFA") is not "voluntary," and therefore not enforceable, because of the absence of the right to refuse to consent to non-Article III arbitration under the Federal Arbitration Act ("FAA") and still receive their equipment and services from Verizon;" and (2) "their agreements to bilaterally arbitrate their state law claims brought within the diversity jurisdiction of the federal courts under CAFA are not enforceable because of the "inherent conflict" between arbitration under the FAA and CAFA's express purposes as stated by Congress."

Defendant moves to compel arbitration of Plaintiff's state law claims and to stay proceedings in this case.

## II. LAW AND ANALYSIS

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq.*

The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). The FAA further mandates that when the Court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003).

The FAA establishes a liberal policy favoring arbitration agreements and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. *Masco Corp.*

*v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); see *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *In re Olshan Foundation Repair Company, LLC*, 328 S.W.3d 883, 891 (Tex.2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The FAA requires courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions. 9 U.S.C. § 4 (2003). The Court must ascertain whether the parties agreed to arbitrate the dispute at issue. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). A party cannot be required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

In the case at bar, Plaintiff does not dispute that an arbitration provision is part of the Verizon Customer Agreement she signed on September 3, 2015. (ECF DKT #23 at 6). Plaintiff also does not contest that her state law breach of contract claim falls within the scope

of the arbitration clause. (*Id.*). In fact, the existence of the arbitration agreement and its scope are "part of the undisputed factual predicate for Plaintiff's declaratory judgment motion." (*Id.*).

Plaintiff contends that the waiver of an Article III adjudication of her class-wide breach of contract claim against Defendant is not "voluntary" because of the absence of the right to refuse FAA arbitration and still receive the Verizon equipment and services. Plaintiff asks the Court to consider *Wellness Intern. Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015). *Wellness* concerned the issue of whether parties can consent to the bankruptcy court deciding claims otherwise subject to adjudication by an Article III court; and the *Wellness* court held that a litigant's consent, whether express or implied, must be knowing and voluntary. 135 S.Ct. at 1949. The Supreme Court noted that the crucial inquiry is whether the litigants were made aware of the need for consent and the right to refuse it. *See id.* at 1948.

Plaintiff acknowledges that the applicability of the *Wellness* consent standard in the bankruptcy context to an arbitration procedure under the FAA is an issue of first impression in the Sixth Circuit and nationwide. This Court declines to accept Plaintiff's invitation to extend the *Wellness* analysis in this fashion; and furthermore, finds that it is unnecessary to do so.

Plaintiff's agreement to arbitrate disputes pursuant to the Verizon Customer Agreement was knowing and voluntary. Plaintiff signed below the conspicuous language waiving the right to a jury trial and further acknowledged that she had the opportunity to review all the terms of the current Customer Agreement. As the *Wellness* court instructed, waiver of the right to a full trial before an Article III court can be waived like any other

personal constitutional right.  *Wellness*, 135 S.Ct. at 1943.

Moreover, the Court finds it is evidently clear that Plaintiff possessed the right to refuse to sign the Verizon Customer Agreement and to take her business elsewhere.  Thus, the right to refuse was part and parcel of her consent.  When a party has "an alternative source with which it could contract," the agreement cannot be unreasonable or unenforceable.  See *Andersons, Inc. v. Horton Farms, Inc*., 166 F.3d 308, 323 (6th Cir. 1998).

The Court also finds in its reading of *Wellness* that the requirement of knowing and voluntary consent applies to all the litigants, that is, to plaintiffs and defendants.  Thus, to allow Plaintiff to refuse to arbitrate disputes on an individual basis but still retain the Verizon equipment and services would necessarily deprive Defendant of its rights and force Defendant to accept contractual terms without its voluntary consent.  The Court will not ignore longstanding policy and Supreme Court jurisprudence to set such a precedent here.

Plaintiff's second argument is that her agreement to bilaterally arbitrate with Verizon is unenforceable because CAFA inherently conflicts with the FAA.  Plaintiff disputes whether the FAA can, in effect, "repeal" the expansive diversity jurisdiction over consumer class actions that Congress vested in the federal courts pursuant to CAFA.  (ECF DKT #18 at 23).  Defendant counters that nothing in CAFA expressly disapproves of – much less negates — arbitration.  (ECF DKT #21 at 24).

If a party suggests that two statutes cannot be harmonized, that party bears the burden of showing a clearly expressed congressional intention.  *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612 (2018).

> In many cases over many years, [the Supreme Court] has heard and rejected efforts to conjure conflicts between the Arbitration Act and other federal

statutes. In fact, [the Supreme Court] has rejected every such effort to date . . . with statutes ranging from the Sherman and Clayton Acts to the Age Discrimination in Employment Act, the Credit Repair Organizations Act of 1934, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt organizations Act. *Epic*, 138 S.Ct. at 1627.

The *Epic* court emphasized further that "the absence of any specific statutory discussion of arbitration or class actions is an important and telling clue that Congress has not displaced the Arbitration Act." *Epic, id., citing CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 103-104 (2012).

The respective merits of class actions and private arbitration as means of enforcing the law are questions constitutionally entrusted not to the courts to decide but to the policymakers in the political branches where those questions remain hotly contested. . . .This Court is not free to substitute its preferred economic policies for those chosen by the people's representatives. *Epic*, 138 S.Ct. at 1632.

This Court agrees with Defendant that if Congress had wanted to override the FAA and ban arbitration class action waivers, it could have done so manifestly and expressly in the CAFA statute.

Thus, the Court determines that Plaintiff's contentions (1) that her consent to arbitration under the FAA was not voluntary and (2) that CAFA and the FAA are in conflict, are without merit. So, Plaintiff's assertion that the arbitration agreement with Verizon is unenforceable fails.

### III. CONCLUSION

Upon the application of one of the parties, the FAA requires the Court to stay proceedings pending arbitration. 9 U.S.C. § 3.

Therefore, for all the reasons set forth in this Opinion, the Motion (ECF DKT #21) of Defendant Cellco Partnership dba Verizon Wireless to Compel Arbitration and Stay

Proceedings under the Federal Arbitration Act is **GRANTED**, Plaintiff's Motion (ECF DKT #17) for Partial Summary Judgment on her Individual Claims for Declaratory Judgment is **DENIED** and the above-captioned matter is **STAYED** and removed from the active docket of this Court.

**IT IS SO ORDERED.**

**DATE:** _3/5/2019_

_s/ Christopher A. Boyko_
**CHRISTOPHER A. BOYKO**
**United States District Judge**