**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORRAINE ADELL, individually and** | ) | **CASE NO. 1:18CV623** |
| **on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **CELLCO PARTNERSHIP dba** | ) | |
| **VERIZON WIRELESS,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #33) of Plaintiff to

Amend for Certification under 28 U.S.C. § 1292(b). For the following reasons, the Motion is

denied.

**I. BACKGROUND**

On March 5, 2019, the Court granted Defendant's Motion to Compel Arbitration and

Stay Proceedings under the Federal Arbitration Act ("FAA"). The Court found against

Plaintiff's contentions that her consent to arbitration under the FAA was not voluntary and

that the Class Action Fairness Act of 2005 ("CAFA") and the FAA are in conflict. Further,

the Court refused to find that the arbitration agreement with Verizon Wireless is

unenforceable.

In the instant Motion (ECF DKT #33), Plaintiff is asking the Court to certify for interlocutory appeal under § 1292(b) the "propriety of that part of its Order staying rather than dismissing this action." Plaintiff contends that if the Sixth Circuit agrees that the case should have been dismissed, then her arbitrability challenges under the Constitution and CAFA can be appealed directly. Plaintiff argues that this will prevent the parties and the Court from expending substantial resources and will eliminate the delay in resolving the arbitrability challenges she intends to take up on appeal anyway.

Defendant objects and insists that the Court properly exercised its discretion by staying rather than dismissing the lawsuit consistent with the FAA's statutory scheme and pro-arbitration policy.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 1292(b), a district judge has discretion to certify a non-final order for an interlocutory appeal if the judge believes the petitioner has adequately shown that:

> (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of litigation.

*In re Allstate Ins. Co.*, 2010 U.S. App. LEXIS 27325, *1 (6th Cir. 2010) (citing 28 U.S.C § 1292(b) and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)) (quotations omitted). Although discretionary, "review under § 1292(b) should be sparingly granted and then only in exceptional cases." *In re Allstate*, 2010 U.S. App. LEXIS at *2 (citing *Kraus v. Bd. of County Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966)). Thus, "doubts regarding appealability . . . [should be] resolved in favor of finding

that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995) (citation omitted).

The Court finds that all the requirements for certification are not satisfied here. Whether a district court should dismiss an action or stay it after all claims have been referred to arbitration is a matter of the exercise of discretion. There is no question of "correctness" or "incorrectness" as intended by the § 1292(b) analysis.

The FAA at 9 U.S.C. § 3 directs that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the court "***shall*** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (Emphasis added). The Court reads that language as mandatory. Furthermore, the issuance of a stay comports with the longstanding pro-arbitration policy codified in the FAA and supported in federal jurisprudence.

The issuance of a stay enables the parties to proceed to arbitration unburdened by uncertainty and the cost of further litigation. An immediate appeal is said to advance the ultimate termination of litigation if it would "appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination." *Trimble v. Bobby*, No. 5:10cv14, 2011 U.S. Dist. LEXIS 54142 at *6 (N.D. Ohio May 20, 2011) (citing *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978)). The Court finds in this instance that a stay rather than an immediate appeal materially advances the ultimate termination of litigation.

Plaintiff has not adequately shown that certification for an interlocutory appeal is

warranted.

## III. CONCLUSION

Therefore, the Motion (ECF DKT #33) of Plaintiff to Amend for Certification under

28 U.S.C. § 1292(b) is denied.

**IT IS SO ORDERED.**

**DATE: October 18, 2019**


  s/Christopher A. Boyko         
**CHRISTOPHER A. BOYKO**
**United States District Judge**