UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LORRAINE ADELL, etc.,** ) | CASE NO. 1:18CV623 |
| ) | |
| Plaintiff, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **CELLCO PARTNERSHIP d/b/a** ) | |
| **VERIZON WIRELESS,** ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #38) of Plaintiff Lorraine Adell under 9 U.S.C. § 10(a)(4) to Vacate July 22, 2020 Arbitration Award.  For the following reasons, Plaintiff's Motion is denied and Defendant's alternative request to confirm the Arbitration Award is granted.

**I. BACKGROUND**

On March 19, 2018, Plaintiff filed her Class Action Complaint (ECF DKT #1).  She asserted a Breach of Contract Claim on behalf of a class of Verizon Wireless customers, seeking damages arising from Defendant's practices in connection with the imposition of an "administrative charge."

Plaintiff also asserted a claim for Declaratory Relief on behalf of all Verizon Wireless telephone customers. Plaintiff contended that the waiver of an Article III adjudication of her class-wide Breach of Contract Claim against Defendant is not "voluntary" because of the inability to refuse Federal Arbitration Association ("FAA") arbitration and still receive the Verizon equipment and services. She also argued that the arbitration provision in the wireless phone agreement is not enforceable because of the "inherent conflict" between arbitration under the FAA and the express purposes of the Class Action Fairness Act of 2005 ("CAFA").

Defendant filed a Motion (ECF DKT #21) to Compel Arbitration and to Stay Proceedings and Plaintiff moved for Partial Summary Judgment on her individual Declaratory Judgment claims. (ECF DKT #17).

The Court issued an Opinion and Order (ECF DKT #32) holding: (1) that Plaintiff's consent to arbitrate disputes pursuant to the Verizon Customer Agreement was knowing and voluntary; (2) that to allow Plaintiff to refuse to arbitrate disputes on an individual basis but still retain the Verizon equipment and services would necessarily deprive Defendant of its rights and force Defendant to accept contractual terms without its voluntary consent; and (3) that the arbitration provision is enforceable because if Congress had wanted to override the FAA and ban arbitration class action waivers, it could have done so manifestly and expressly in the CAFA statute. Accordingly, the Court granted the Motion to Compel Arbitration and Stay Proceedings and denied Plaintiff's Motion for Partial Summary Judgment.

Next, Plaintiff filed her Motion to Amend for Certification Under 28 U.S.C. § 1292(b) the District Court's March 5, 2019 Order Staying the Action, seeking to take an immediate appeal. (ECF DKT #33). By its Opinion and Order dated October 18, 2019, the Court denied

Plaintiff's Motion to Amend for Certification. (ECF DKT #37).

Thereafter, Plaintiff made a demand for arbitration with the American Arbitration Association. After full briefing, the Arbitrator issued an Award on July 22, 2020, agreeing with Defendant's position. (ECF DKT #38-2). The Arbitrator found that the plain language of the Customer Agreement was unambiguous and did not require the "administrative charge" to be limited to government-related costs. Therefore, the Arbitrator entered an award denying all of Plaintiff's claims and finding entirely in Defendant's favor. (*Id.*).

Within the required ninety-day period, Plaintiff filed the instant Motion to Vacate the Arbitrator's Award. (ECF DKT #38).

## II. LAW AND ANALYSIS

**Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.***

The FAA expresses a "federal policy favoring arbitration." *Bratt Enters., Inc. v. Noble Int'l Ltd.*, 338 F.3d 609, 613 (6th Cir. 2003) (*quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475-76 (1989)).

If a court is called upon to review an arbitrator's decision, the review is very narrow. In fact, "it is one of the narrowest standards of judicial review in all of American jurisprudence." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008).

"Courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error." *Samaan v. Gen. Dynamics Land Sys.*, 835 F.3d 593, 600 (6th Cir. 2016); *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing

decisions of lower courts. . . . [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). The court's review is extremely deferential "because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Publ. Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 599 (6th Cir. 1997).

"[C]onfirmation is a summary proceeding and the court **must** confirm the award where the award is not vacated, modified or corrected[.]" *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 584 (2008) (emphasis added); *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005).

Pursuant to the FAA, a court may vacate an arbitration award under four circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Supreme Court has held that these are the "exclusive grounds" for vacatur. *Hall St. Assoc.*, 552 U.S. at 584 (quoting 9 U.S.C. § 9).

Plaintiff states that her Motion to Vacate (ECF DKT #38) is brought under the fourth circumstance listed in 9 U.S.C. § 10(a); and is based "solely on the ground that the arbitrator **exceeded his authority** in arbitrating the matter and issuing the Award because Verizon's arbitration agreement is not enforceable and Plaintiff's claims are not arbitrable for the reasons asserted in Plaintiff's motion for partial summary judgment denied by the Court's Opinion." (ECF DKT #38-1 at 5). (Emphasis added).

Plaintiff admits that these grounds are the same grounds the Court rejected in its March 5, 2019 Opinion and Order. Plaintiff also acknowledges that "there has been no intervening controlling law which would support the Court's departure from "the law of the case" set out in its Opinion denying Plaintiff's motion for partial summary judgment on her individual declaratory judgment claims." (ECF DKT #38-1 at 10-11).

Plaintiff outlines her rationale for moving to vacate the July 22, 2020 Arbitrator's Award as follows:

> Plaintiff's motion to vacate is being filed anticipating that it will not be granted and that the Court will issue a "final decision" denying Plaintiff's motion to vacate brought under the same grounds as her prior motion for partial summary judgment—which can then be appealed to the Sixth Circuit as a "final decision with respect to an arbitration" under FAA § 16(a)(3) (and also under FAA § 16(a)(1)(D), assuming Verizon files a motion to confirm the Award that is granted by the Court under FAA § 9). (ECF DKT #38-1 at 10).

In its Opposition, Defendant contends that the sole basis Plaintiff cites in support of her Motion to Vacate is that the Arbitrator "exceeded his authority" because Plaintiff should

not have been compelled to arbitrate this dispute in the first place. (ECF DKT #40 at 5). Defendant argues that this does not justify an order vacating the Arbitration Award.

Plaintiff counters that she is not asking for a re-hearing by the District Court, but rather is "preserving for review by the Sixth Circuit, her challenges to the enforceability of Verizon's arbitration agreement rejected by the Court in its Opinion." (ECF DKT #41 at 4).

"The burden of proving that the arbitrators exceeded their authority is very great." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003). Plaintiff fails to meet that substantial burden and basically concedes that her Motion is unsound.

Furthermore, Plaintiff provides no legitimate argument against confirmation of the Arbitrator's Award. In her Reply Brief (ECF DKT #41 at 6), Plaintiff states: "Although Plaintiff does not concede that Verizon's cross-motion should be granted, Plaintiff's grounds in opposition are the same grounds in support of her motion to vacate."

The Court finds that Plaintiff's basis for opposing confirmation fares no better than the basis she posits for vacating the Award.

### III. CONCLUSION

For these reasons, and because the Court's review of arbitration awards is so narrow, the Motion (ECF DKT #38) of Plaintiff Lorraine Adell under 9 U.S.C. § 10(a)(4) to Vacate July 22, 2020 Arbitration Award is denied and Defendant's alternative request to confirm the Arbitration Award is granted.

**IT IS SO ORDERED.**

**DATE: May 24, 2021**

                                              s/Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**

          **Senior United States District Judge**